UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD CATHERINE,<br><br>             Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, NA,<br><br>             Defendant. | Case No. 2:23-cv-02733-DAD-JDP<br><br>**ORDER**<br><br>DENYING PLAINTIFF'S REQUEST FOR E-FILING ACCESS<br><br>ECF No. 9<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S MOTION TO REMAND BE GRANTED AND DEFENDANT'S MOTION TO DISMISS BE DENIED AS MOOT<br><br>ECF Nos. 4 & 8<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

   Plaintiff Donald Catherine commenced this action against defendant Wells Fargo Bank, NA on October 17, 2023, in Sacramento Superior Court. ECF No. 1. Defendant removed based on diversity jurisdiction. *Id.* Defendant has filed a motion to dismiss, ECF No. 4, and plaintiff has filed a motion to remand, ECF No. 8. I recommend that plaintiff's motion to remand be granted and defendant's motion to dismiss be denied as moot.[1]

---

[1] Since this matter should be remanded to the state court, plaintiff's motion for e-filing, ECF No. 9, is denied as unnecessary.

1

**Background**

Defendant Wells Fargo removed this action on the basis of diversity jurisdiction, *see* 28 U.S.C. § 1332, stating that defendant is a citizen of South Dakota while plaintiff is a citizen of California, and that the amount in controversy exceeds the jurisdictional minimum. ECF No. 1 at 2-4; 84-89.

The complaint purports to allege six state law causes of action against Wells Fargo: a claim under California's Rosenthal Act, breach of contract, "Bank-Signed Modification," "California Consumer Protections," fraud, and discrimination. *Id.* at 10. The complaint alleges that from December 2011 through September 2019, plaintiff spent $29,000 in legal fees and expenses in order to obtain a signed copy of his Home Affordable Modification Agreement ("HAMP") modification contract from Wells Fargo. *Id.* at 12. Plaintiff seeks to recoup those fees and expenses.

The complaint requests "$29,000 in actual damages, a declaration that VOIDs the Modification, and Exemplary Damages of $1,000,000 and/or $100,000 for each breached duty." *Id.* at 57.

**Legal Standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). The Ninth Circuit construes the removal statute against removal, and the party seeking removal bears the burden of establishing federal jurisdiction. *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus v. Miles*, *Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)); *Moore-Thomas v. Alaska Airlines, Inc*., 553 F.3d 1241, 1244 (9th Cir. 2009) ("The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."); *Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). If removal was improper, "the district court lack[s] subject matter jurisdiction, and the action should [be] remanded to the state court." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998) (citing 28 U.S.C. § 1447(c)).

The notice of removal must contain "a short and plain statement of the grounds for removal," which includes the claimed jurisdictional basis. 28 U.S.C. § 1446(a). Diversity jurisdiction exists in all civil actions in which there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In calculating the amount in controversy, the proponent of federal jurisdiction has the burden of proving by a preponderance of the evidence that the amount in controversy is satisfied. *Geographic Expeditions, Inc.*, 599 F.3d at 1106-07.

**Motion to Remand**

Plaintiff argues that this matter should be remanded to state court because defendant has not met its burden of showing that diversity jurisdiction is present.[2] ECF No. 8 at 4. Plaintiff contends that Wells Fargo is a citizen of California because its principal place of business is in California and the operational headquarters are situated in San Francisco. *Id.* at 4-5. Plaintiff also argues that Wells Fargo is not a citizen of South Dakota, despite the holding in *Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707 (9th Cir. 2014), and asks this court to find that Wells Fargo is a citizen of both South Dakota and California. *Id.* at 7. Defendant argues that the Ninth Circuit has conclusively held that Wells Fargo is strictly a citizen of South Dakota and thus the parties are completely diverse. ECF No. 11 at 2 (citing *Rouse*, 747 F.3d 707 at 715).

Plaintiff's argument that Wells Fargo is a citizen of California fails. As a national bank, Wells Fargo "is a citizen only of the state in which its main office is located." *Rouse*, 747 F.3d at 709. Plaintiff is a citizen of California, and Wells Fargo Bank N.A. is a citizen of South Dakota, where its main office is located, thereby establishing complete diversity of citizenship among the parties. *See Ogamba v. Wells Fargo Bank, N.A.*, No. 2:17-cv-01754-KJM-AC, 2017 WL 4251124, at *2 (E.D. Cal. Sept. 26, 2017) (holding that Wells Fargo is a citizen of only South Dakota, where its main office is located); *Baker v. Wells Fargo Bank, N.A.*, No. 1:16-cv-01943-LJO-EPG, 2017 WL 931879, at *4 (E.D. Cal. Mar. 9, 2017) (concluding that because the plaintiff is "a citizen of California and Wells Fargo is a citizen of South Dakota, there is complete

---

[2] Plaintiff also argues that the complaint presents no federal questions or claims, but since defendant did not rely on that basis for removal, I will not address this argument.

1   diversity of citizenship between the parties, which provides the Court with diversity
2   jurisdiction"). Thus, complete diversity exists between the parties.

3         Plaintiff argues that he seeks to recover $29,000—less than the required amount in
4   controversy. ECF No. 8 at 7. Plaintiff argues that the exemplary damages requested are not
5   calculated with the amount in controversy unless the damages are claimed as a matter of right,
6   which he argues is not the case here. *Id.* at 8. Moreover, plaintiff claims that defendant has not
7   made the required showing that plaintiff will prevail in this case and therefore he should not
8   anticipate recovering punitive damages. *Id.* at 8. Defendant points out that the complaint seeks
9   $1 million in punitive damages. *Id.* at 4.

10        Defendant, as the removing party, bears the burden of establishing that the amount in
11  controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.
12  1996). Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in
13  good faith." *Choudhuri v. Wells Fargo Bank, N.A.*, No. 15-cv-03608-VC, 2016 WL 3212454, at
14  *3 (N.D. Cal. June 10, 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S.
15  283, 288-89 (1938)). For a claim of damages to be in "good faith," the "plaintiff's 'estimations of
16  the amounts recoverable must be realistic' and objective, not based on 'fanciful, pie-in-the-sky, or
17  simply wishful amounts.'" *Parker v. U.S. Bank Trust, N.A. as Trustee for LSF9 Master*
18  *Participation Trust*, 2020 WL 7479633, at *2 (C.D. Cal. Dec. 18, 2020) (quoting *Choudhuri*,
19  2016 WL 3212454 at 4; *see Suber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1231
20  (N.D. Cal. 2000) (observing that the court has an "independent obligation to examine its
21  jurisdiction where doubts arise," and that it "would be remiss in its obligations if it accepted every
22  claim of damages at face value"). "When a punitive damages claim makes up the bulk of the
23  amount in controversy, the court will 'scrutinize that claim closely' to be certain jurisdiction
24  exists." *Jackson v. Frank*, No. C12-03975 HRL, 2012 WL 6096905, at *2 (N.D. Cal. Dec. 7,
25  2012) (citing *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996)).

26        Wells Fargo argues that the amount in controversy requirement is satisfied because
27  plaintiff seeks "a Redress order for $29,000 in actual damages . . . and Exemplary Damages of
28  $1,000,000 and/or $100,000 for each breached duty." ECF No. 11 at 4-5 (quoting ECF No. 1 at

57). But the complaint does not indicate how plaintiff arrived at the $1 million figure. Plaintiff makes no attempt to link the amount sought to defendant's conduct or to the harm plaintiff allegedly sustained. Absent some explanation, the figure appears to be little more than a bold, optimistic, and unsupported assertion of the amount he would like to recover.

By relying solely on plaintiff's conclusory punitive damages claim, defendant has failed to carry its burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000. *See Suber*, 110 F. Supp. 2d at 1231 (holding that the amount in controversy requirement was not satisfied where the plaintiff's request for $1 million in punitive damages was unsupported); *Parker*, 2020 WL 7479633, at *2 (holding that the defendant failed to satisfy the amount in controversy requirement where the complaint included "only a bare figure, with no facts supporting the sought-after amount as realistic or recoverable, nor linking any purported harm to any conduct by Defendant"); *Choudhuri*, 2016 WL 3212454, at *3 ("[Plaintiff's] bald assertion that the amount in controversy 'is approximately $1 million' is insufficient to establish that the amount in controversy actually exceeds the jurisdictional threshold."). Accordingly, plaintiff's motion to remand should be granted.

Plaintiff also requests an award of attorney's fees. ECF No. 8 at 10. Pursuant to 28 U.S.C. § 1447(c), a district court has the discretion to award attorney's fees and costs upon remand if the defendant lacked an "objectively reasonable" basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (upholding fee award under § 1446(c) where the removal was "frivolous"). However, plaintiff is a pro se litigant, and as such is not eligible for an award of attorney's fees. *See Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) ("Pro se plaintiffs . . . are not entitled to attorney's fees."); *Yhudai v. Mortg. Elec. Registration Sys., Inc.*, 2015 WL 5826777, at *8 (C.D. Cal. Oct. 2, 2015).

Accordingly, it is hereby ORDERED that plaintiff's request for e-filing access, ECF No. 9, is denied as unnecessary.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's motion to remand, ECF No. 8, be granted.

     2. This case be remanded to the Superior Court of the State of California in and for the County of Sacramento.

     3. Defendant's motion to dismiss, ECF No. 4, be denied as moot.

     4. The Clerk of Court be directed to send a certified copy of this order to Superior Court of California in and for the County of Sacramento and to close the case.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 16, 2024                                             
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE